IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MARC ALLEN MASON, | § § | |
| Petitioner, | § § | |
| v. | § § | 2:13-CV-051 |
| JOEL RICHARDSON,<br>Randall County Sheriff, | § § § | |
| Respondent. | § § | |

## REPORT AND RECOMMENDATION
## TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. Petitioner does not indicate in his petition the conviction for which he is currently confined, although in another habeas corpus petition filed around the same time as the instant petition he indicates he is presently incarcerated at the Randall County Jail pursuant to a 2006 conviction for felon in possession of a firearm and a subsequent 2012 parole revocation. *See Mason v. Richardson*, No. 2:13-CV-043, Amended Habeas Corpus Petition, doc. 8, pg. 2 (Apr. 10, 2013). For the reasons hereinafter expressed, the Magistrate Judge is of the opinion petitioner's application for a federal writ of habeas corpus fails to present a cognizable ground for relief and should be DENIED.

### I.
### PETITIONER'S ALLEGATIONS

To the extent they are intelligible, petitioner appears to present four grounds for review:

1. He is a victim of genocide.

2. Respondent is denying him access to medical care.

3. A surgery to implant a transceiver in petitioner when he was a teenager, which implant is now used by respondent and his agents to torture petitioner, violated the Ex Post Facto Clause.

4. Respondent has violated petitioner's equal protection rights by denying him access to the British Consulate.

## II.
## PETITIONER FAILS TO PRESENT ANY COGNIZABLE HABEAS CORPUS CLAIMS

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973); *Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). "[A] § 1983 challenge is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser*, 411 U.S. at 499, 93 S.Ct. at 1841.

Here, even though petitioner indicates he intends to use this petition to challenge a parole revocation, a disciplinary proceeding, and an unspecified "other" action, all of his grounds of error either deal directly with the conditions of his confinement or are too vague to classify. Stated differently, even if the Court were to find petitioner's allegations to be true, petitioner would remain confined due to his underlying conviction. Thus, these allegations are not cognizable in habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. at 499-500, 93 S.Ct. at 1841. These claims should have been presented in a civil rights complaint pursuant to 42 U.S.C. §1983. *See id.*, 93 S.Ct. at 1841.

This Court declines to redesignate petitioner's pleading as a civil rights complaint. Petitioner has accumulated three strikes under 28 U.S.C. § 1915, and he is barred from bringing any civil action

IFP while he is incarcerated or detained in any facility unless he shows he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). It appears as though petitioner is attempting to make an end run around this bar to civil rights litigation by asserting (in an improperly designated habeas corpus petition) challenges to his conditions of confinement.

All of petitioner's challenges, however, qualify as frivolous under 28 U.S.C. § 1915(g), and redesignating the case as a civil rights complaint would be of no benefit. Specifically, all of petitioner's allegations are frivolous because they are delusional and at times incoherent, and they are all totally lacking in any factual support. *See* 28 U.S.C. § 2254(e) (discussing a petitioner's burden of proof); *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989) (indicating a complaint is frivolous under 28 U.S.C. § 1915 when it "lacks an arguable basis in law or fact" such as when allegations are the product of delusion or "fanciful factual allegation"); *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir.1983) (emphasizing conclusory allegations do not raise constitutional issues in habeas proceedings).

For example, in his first ground of error petitioner contends he is a victim of genocide at the hands of the Randall County Sheriff, which is not only far-fetched and unsupported by any evidence but is clearly incorrect as genocide necessarily involves the death of a specific group of people, and petitioner has failed to demonstrate any deaths that have occurred at the hands of respondent, especially (as he alleges) his own. In his second and third grounds of error, petitioner represents that when he was a teenager a dentist performed a "clandestine surgical procedure" on petitioner to install an "audio device in [petitioner's] body," which device is now "used by corrupt sheriffs of Randall County, Texas to confine me illegally." (Habeas Corpus Petition, doc. 3, pg. 7 (Mar. 22, 2013)). In making this allegation, petitioner appears to be delusional. Even if he were not delusional, petitioner has failed to provide any form of factual support for this allegation. *See* 28 U.S.C. § 2254(e); *Ross*, 694 F.2d at

1012. In his fourth ground of error, petitioner states that he is a dual national and as such should have access to the British Consulate, which access respondent has denied to him. Petitioner fails to support his allegation with any evidence or otherwise explain the grounds upon which he could possibly gain access to the Consulate and of what benefit such access would be. *See* 28 U.S.C. § 2254(e); *Ross*, 694 F.2d at 1012. Because of the nature of these allegations, were the Court to redesignate this petition as civil rights complaint, the frivolous nature of the claims therein would render the complaint itself frivolous and thus incapable of overcoming the bar assessed against petitioner. *See Neitzke*, 490 U.S. at 325, 109 S.Ct. at 1832.

Not only do the majority of the allegations made in the pending petition appear frivolous, those relating to the transceiver implanted in petitioner's sinus/throat repeat allegations already adjudicated by this Court and the Fifth Circuit. *See Mason v. Richardson et al.*, No. 2:06-CV-104, "Memorandum Opinion and Order of Dismissal," doc. 10 (May 3, 2006); *Mason v. Richardson et al.*, No. 2:05-CV-088, "Memorandum Opinion and Order of Dismissal," doc. 10 (June 21, 2005). Having failed to present any cognizable habeas corpus claims, the instant petition should be denied.

### III.
### SANCTION WARNING

Petitioner has not only filed at least three civil rights cases, in combination with their appeals, deemed frivolous under 28 U.S.C. § 1915, he has also filed the instant and an additional habeas corpus case in this Court, both asserting civil rights violations, and two additional civil rights complaints. *See, in respective order, Mason v. Richardson*, No. 05-10886, 2006 WL 1751718 (5th Cir. June 21, 2006); *Mason v. Richardson et al.*, No. 2:06-CV-104, "Memorandum Opinion and Order of Dismissal," doc. 10 (May 3, 2006); *Mason v. Richardson et al.*, No. 2:05-CV-088, "Memorandum Opinion and Order of Dismissal," doc. 10 (June 21, 2005); *Mason v. Richardson*, No. 2:13-CV-043, Amended Petition

for Writ of Habeas Corpus, doc. 8 (April 10, 2013); *Mason v. Richardson et al.*, No. 2:13-CV-030, "Order Denying Pauper Status and Order of Dismissal," doc. 6 (Mar. 25, 2013); *Mason v. Farren et al.*, No. 2:13-CV-035, "Order Denying Pauper Status and Order of Dismissal," doc. 5 (Mar. 25, 2013).

It appears as though petitioner may be falling into the habit of filing vexatious and harassing lawsuits, which waste limited judicial resources. Petitioner is admonished that if he continues in this practice, he will qualify for the imposition of sanctions which, if imposed, would prohibit him from filing any civil action, including a habeas corpus action, in this Court unless he has first obtained leave to file to file the action via a properly obtained court order.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the application for a writ of habeas corpus filed by petitioner MARC ALLEN MASON be DENIED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 23rd day of April, 2013.

*[signature]*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).